IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No. 3:01-CR-0049-X(01) |
| ) | No. 3:05-CV-0465-K |
| NICOLAS ZAPATA-DIAZ, ) | |
| ID # 26631-177, ) | |
| Defendant/movant. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to the provisions of 28 U.S.C. § 2255.

**B. Parties**: Movant is currently incarcerated in the federal prison system. The respondent is the United States of America (government).

**C. Procedural History:** On April 17, 2001, movant pled guilty to illegal reentry into the United States. In his plea agreement, he "waive[d] the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and the defendant further agree[d] not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." He specifically reserved the right to appeal: "a) any punishment imposed in excess of a statutory maximum, b) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court, and c) arithmetic errors in the guidelines calculations; and d) a claim of ineffective assistance of counsel." On July 9, 2001, the Court

entered judgment upon movant's guilty plea, and sentenced him to eighty-seven months imprisonment. On September 25, 2001, the Court amended the judgment to reflect that defendant shall receive credit for time served in federal custody prior to sentencing. On March 19, 2002, the Fifth Circuit Court of Appeals affirmed the conviction.

On March 4, 2005, the Court received the instant motion filed pursuant to 28 U.S.C. § 2255. He therein asserts that the Court should grant him a rehearing in light of *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). He claims that the Constitution requires that prior convictions which increase the statutory maximum sentence must be treated as offense elements. He further claims that the trial court committed reversible error when it sentenced him pursuant to mandatory sentencing guidelines which have since been ruled unconstitutional.

## II. SUMMARY DISMISSAL

As amended effective December 1, 2004, Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Such waiver is also sufficient to summarily dismiss a motion filed pursuant to § 2255.

In this instance, movant does not contest that he voluntarily and knowingly pled guilty. By such plea, movant voluntarily waived his right to collaterally attack his conviction or sentence in a

2

motion to vacate, except on grounds that his attorney rendered ineffective assistance.[1] Thus, because movant has raised no claim of ineffective assistance of counsel, his informed and voluntary waiver bars collateral relief in this case. In view of movant's waiver, it is clear that he is entitled to no relief on his claims based upon *Booker*. Consequently, the Court should summarily dismiss this action.

### III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court summarily **DISMISS** the instant Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 1st day of April, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Although petitioner also reserved the right to appeal an imposed sentence in excess of a statutory maximum, an upward departure from the applicable guidelines as determined and adopted by the Court, and arithmetic errors in the sentence calculations, such reserved appellate issues are not raised in the instant motion to vacate.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE